IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY PINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-843-F |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

**Report and Recommendation**

The Court should deny the Plaintiff's motion for pauper status.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2006), a prisoner cannot proceed *in forma pauperis* if he has brought at least three "action[s] or appeal[s] in a court of the United States that [were] dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (2006).

Mr. Pinson has had three or more dismissals for frivolousness, maliciousness, or failure to state a claim on which relief can be granted.[1]

---

[1] *See Pinson v. Grimes*, 391 F. App'x 797, 798-99 (11th Cir. 2010) (upholding the district court's recognition of a "strike" for purposes of 28 U.S.C. § 1915(g)); *Pinson v. Pineiro*, No. 09-cv-244-WTH-GRJ (M.D. Fla. July 30, 2009) (unpublished op.) (imposing a "strike" for purposes of 28 U.S.C. § 1915(g)); *Pinson v. Chipi*, No. 09-cv-00283-WTH-GRJ (M.D. Fla. July 30, 2009) (unpublished op.) (recognizing a "strike" for purposes of 28 U.S.C. § 1915(g)); *Pinson v. Chipi*, No. 10-12235-B (11th Cir. Feb. 2, 2011) (unpublished op.) (dismissing an appeal on grounds that it was frivolous).

With three or more dismissals for frivolousness, failure to state a valid claim, or maliciousness, Mr. Pinson could only obtain pauper status upon a showing of a physical injury that is both serious and imminent. *See supra* p. 1. At the pleading stage, the Plaintiff must make allegations of an imminent threat that are both "specific" and "credible."[2] His allegations do not satisfy this burden.

Mr. Pinson contends that he was housed alone at the Federal Transfer Center, is epileptic, and could experience a seizure at any time. Without constant staff supervision, he alleges an imminent risk of serious physical injury. These allegations would not be considered specific or credible even if Mr. Pinson were still at the Federal Transfer Center. But he isn't and he had already left there by the time that he filed the complaint.[3]

The speculative nature of Mr. Pinson's allegations led Judge Bana Roberts to recommend denial of pauper status to Mr. Pinson based on similar allegations of the possibility of an epileptic attack while at the Federal Transfer Center. *Pinson v. Keffer*, No. CIV-10-1229-F, slip op. at 5 n.2 (W.D. Okla. Jan. 18, 2011) (unpublished report by

---

[2]   *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (stating that to satisfy the exception under 28 U.S.C. § 1915(g), the plaintiff had "to make 'specific, credible allegations of imminent danger of serious physical harm'" (citation omitted)).

[3]   Mr. Pinson signed the complaint on July 18, 2012. Complaint at ECF p. 3 (file-stamped Aug. 3, 2012). The next day, he was moved to Houston. *See* Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 at p. 13 (Aug. 15, 2012). One day later, Mr. Pinson arrived at the penitentiary in Colorado. *See id.* The Court does not know the precise date that Mr. Pinson had mailed the complaint to the Court Clerk. However, that date was after Mr. Pinson's transfer to Colorado because he mailed the complaint in an envelope that bore a return address for the penitentiary there. *See* Complaint at ECF p. 4 (file-stamped Aug. 3, 2012).

magistrate judge).[4]  Judge Roberts' conclusion is persuasive and is particularly apt here because Mr. Pinson was no longer at the Federal Transfer Center when the action began.  *See supra* p. 2 & note 3.

Mr. Pinson's epilepsy, the solitary housing at the Federal Transfer Center in Oklahoma City, and the absence of constant monitoring could not have created a serious danger of imminent physical injury.  Accordingly, the Court should apply 28 U.S.C. § 1915(g), deny pauper status, and require payment of the $350 filing fee within 21 days.[5]

The Plaintiff is advised of his right to object to this report and recommendation by September 13, 2012.  *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2010 supp.).  If Mr. Pinson does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma.  The Plaintiff is further advised that the failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report discharges the referral.  If the Plaintiff does timely pay the filing fee, the undersigned would suggest recommitment for further proceedings.

---

[4] The presiding judge did not ultimately address the report because Mr. Pinson voluntarily dismissed the action. Voluntary Dismissal, *Pinson v. Keffer*, No. CIV-10-1229-F (W.D. Okla. Feb. 25, 2011).

[5] *See* 28 U.S.C. § 1914(a) (2006) ($350.00 filing fee); Local Civil Rule 3.3(e) (requiring payment of the filing fee within 21 days of a denial of pauper status).

Entered this 27th day of August, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge